(C. D. 421)

INTERNATIONAL GRAPE PRODUCTS CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 16, 1941)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* and *Joseph Schwartz* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: The merchandise in this case was invoiced as "Red Vegetable Extract" and assessed for duty by the collector at New York as a nonenumerated manufactured article under paragraph 1558 at 20 per centum ad valorem. The plaintiff claims that the merchandise consists of an extract from grapeskins and is therefore properly dutiable under paragraph 38 at 15 per centum ad valorem or free of duty under paragraph 1670.

The paragraphs of the Tariff Act of 1930 under consideration provide in part as follows:

' PAR. 1558.   That there shall be levied, collected, and paid on the importation of   *   *   *   all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 38.   Extracts, dyeing and tanning:   *   *   *   and other extracts, decoctions, and preparations of vegetable origin used for dyeing, coloring, staining, or tanning, not specially provided for, and combinations and mixtures of the foregoing articles in this paragraph, 15 per centum ad valorem: *Provided*, That no article containing alcohol shall be classified for duty under this paragraph.

PAR. 1670.   Dyeing or tanning materials:   *   *   *   all articles of vegetable origin used for dyeing, coloring, staining, or tanning, all the foregoing, whether crude or advanced in value or condition by shredding, grinding, chipping, crushing, or and similiar process; all the foregoing not containing alcohol and not specially provided for.

At the trial the importer testified that the merchandise was a coloring extract taken from the skins of grapes and used in its imported condition for purposes of coloring food products; that he had been engaged in the manufacture and preparation of vegetable colors from the skins of grapes for 15 years and had visited the plant of the particular manufacturer of the imported product and was familiar with the process used in the extraction of the coloring matter; that the skins of grapes are stored in vats to evaporate any sugar content, the skins thereafter being pressed to extract the liquid; that to such liquid is added a solution of sulphur dioxide and a percentage of tartaric acid and the resulting mixture is used to wash the skins and results in all of the remaining coloring matter being extracted therefrom; that the skins are repressed and discarded; that the liquid obtained therefrom is heated at a very low temperature so as to evaporate the sulphur dioxide and water, and thereafter packed in barrels ready for shipment; and that such liquid represents the merchandise in question.

The witness further testified that the imported product is used to add color or to increase the color of fruit juices, wine, and vinegar, and to give color to foodstuffs such as gelatin, jam, or ice cream; that when used for coloring liquids the extract is subjected to further processing, first, by refrigeration to reduce the tartaric acid content, and second, by filtration to obtain brilliancy; and that when used to add

color to food products the extract is in its imported condition without further processing.

The importer contends that the processes undergone by the imported merchandise were processes of extraction so as to free the merchandise from its surrounding tissues and to get it by itself; that said merchandise is a crude article used only for coloring liquids or foodstuffs and, as such, falls squarely within the provisions of duty-free paragraph 1670 as articles of vegetable origin used for coloring, or, alternatively, that it is an extract or preparation of vegetable origin used for coloring, as provided for under paragraph 38, *supra*.

The Government concedes that the merchandise is chiefly used for coloring food products, but contends that it is manufactured from a vegetable extract and therefore not within the provisions of paragraph 38 because it is more than a mere extraction of the liquid matter from grapeskins; that two distinct chemical reactions have taken place the result of which forms a new chemical compound, converting the extracted juice into a new article having different properties from the material from which it was made.

Paragraph 38 provides for a duty upon dyeing and tanning materials when in the nature of extracts. Such provision, in our opinion, is more specific than the free list provision, paragraph 1670, for dyeing and tanning materials.

The merchandise herein consists of the coloring matter extracted from the skins of grapes through a chemical process and including therein tartaric acid, one of the menstruums of extractions, which acts as a preservative. Anything drawn from a substance by distillation, heat, solution, or other chemical or physical process is an extract. See Century Dictionary and Cyclopedia, page 2096. The coloring matter of the grape skins was extracted as a result of certain chemical processes and it is true that the product contained the chemicals instrumental in the extraction. These circumstances, however, fail to convert the extracted juice into a new article having different properties, as contended by the Government. The vegetable coloring matter of the grapeskins becomes a vegetable coloring matter used to color other foodstuffs. The presence of other materials makes it none the less an extract.

In the case of *Roeller-Struss Co.* v. *United States*, 12 Ct. Cust. Appls. 189, T. D. 40170, the appellate court held that annatto extract, used for coloring butter, was an extract of annatto, even though the menstruum of extraction consisted of certain oils, and, as imported, the annatto extracted by the process was only from 2 to 7 per centum of the imported product and the remainder consisted of said oils. In so holding the court stated:

\* \* \* The fact that a "new and different commodity" is produced, and that it is manufactured, and that it takes labor and skill to produce it, would seem to be a poor reasoning for the conclusion that it was not an extract.

In our opinion we believe that the vegetable coloring matter in question is an extract and properly dutiable under the provisions of paragraph 38. Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate the entry and to make refund accordingly.