**No. 50260.**— Protest 3723–K of California Ship Supply Co. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the merchandise in question consists of Edam cheese similar in all material respects to that passed upon in Abstracts 42146 and 42309, which records were incorporated herein. In accordance therewith it was held that an allowance of 1 percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the foreign substance on the outside. The protest was sustained to this extent.

**No. 50261.**—Protests 95770–K, etc., of H. S. Dorf & Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise is the same in all materials respects as that passed upon in *International Grape Products Co.* v. *United States* (6 Cust. Ct. 43, C. D. 421), which record was incorporated herein. In accordance therewith the protests were sustained as claimed.

**No. 50262.**—Protest 111818–K/12661 of F. J. Cazalas (New Orleans).

Opinion by KEEFE, J. There being nothing in the record sufficient to disturb the action of the collector, which was presumptively correct, the protest was overruled.

**No. 50263.**—Protests 57121–K, etc., of Maddock & Miller, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided·February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exhange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.